the Southeast, also known as Charges v. Inquiry.     We have a case number 31-72. This is Jorndis, I think. How are you, Mr. Bishop? I'm fine, thank you, Your Honor. Good morning, may it please the Court. My name is Edward Bishop for the Appellant. What this case is about is finally giving Croatian Supply its day in court with regard to contract damages. The damages it sustained as a result of its coverage being denied, wrongfully denied, and then not being given any robust defense whatsoever at the end of the day. Ten years ago, my client made a valid claim for coverage. That was denied. Instead, what my client got was a lawsuit. He got a lawsuit that was wrongfully brought. As a result of that lawsuit, my client's a very small startup. He was selling what they call Mepsi Markers. It's a small marker. It's available where people can draw with these Pepsi Markers. What had happened as a result of that is now he's in a two-front war. He's fighting the insurance company, and he's also fighting with regard to the underlying complaint, which is the trade dress complaint. Having to choose. I'd like to ask you this to begin with. You have explained in your brief that the Illinois Circuit Court entered partial summary judgment on count one of creation, supplies, counterclaim. If the breach of contract claim in count two was still undecided at that point, why did the Circuit Court treat it as a final, appealable judgment at all? It didn't actually treat it as a final judgment. It only provided it with regard to the judgment where it was a final judgment. When it went up to the appellate court, they realized, too, they were only ruling on a partial summary judgment and the other issues were still down there and remanded. The issue that was, because they wanted to go ahead and appeal a partial summary judgment, so it wasn't a final order. We did not get a final order until June 21st. They wanted to appeal that immediately. What part of the problem was, since there was a finding that there was a duty to defend, they wanted to appeal it, but we started to submit, because once an insurance company there's a finding by a court of a duty to defend, what immediately follows from that is they are supposed to provide that defense. Here they didn't do it. They waited. They would not pay the invoices. The invoices were still outstanding and they appealed it and even after they lost on appeal and it went back down, they still wouldn't pay the invoices. That's why we had to go to the June 21st, 2016, to get the order on exactly what was due. They had not been paying any of that and they even admitted, when we brought the case here, when we brought it into the district court, they even admitted contract damages wasn't being litigated. It wasn't happening. They admitted it because there was a Colorado River motion that they brought and in that, it wasn't happening. They even admitted in their briefing in this court that actually count two was not ruled on in terms of a final judgment. It was dismissed without prejudice with leave to continue in the district court. It was clear from the order there and it was clear when we were, they knew it all along and it was clear from the appellate court. There was never a final order entered until June 21st, 2016. That still gave us leave to be here. In the interest of time, can I tell you what's confused me about this case? I'm going to ask the same exact question of your adversary. I totally understand that the claim that you believe is not precluded, issue claim preclusion, no law of the case doctrine is this breach of contract claim and you're very clear that you want to pursue that claim for consequential damages in light of everything that you opened with. The question I have is does such a claim really exist because the contract that we're talking about is it not as an insurance policy? We do have an adjudication of the duty to defend. It's been monetized, etc. You're talking about this in terms of I have a distinct breach of contract claim for consequential damages that is somehow distinct enough from the policy litigation that I should be able to pursue for consequential damages. My question is does such a thing exist? Yes, Your Honor. What we're doing with regard to the declaratory judgments, insurance companies bring these all the time. I'm familiar with that. I'll tell you what I tried to find. I didn't find one example. An example of just almost a freestanding breach of contract claim in the insurance context. You find plenty in other contexts. In the insurance context for consequential damages. The consequential damages arose because of the breach. They never provided us with a defense in the first place causing us to shutter our business. Those are the consequential damages. Just because I get a declaratory judgment that there was a duty to defend all along, I've already incurred those other damages because they didn't provide the defense that my client was entitled to. Are you saying is the argument that consequential damages are, just assume you can litigate it, it goes to judgment, that they're available under the policy? They're not available under the policy. That was the issue that went up in front of the appellate court. In your brief, you distinguish the damages under the insurance policy from those arising from selective breach of the insurance policy. Is that a distinction without a difference when you could have and opted not to proceed both types of damages in state court? No, Your Honor. That's my question. Because what had happened with regard to under the policy is what they're liable to under the policy, and they litigated this in the Illinois appellate court, what they're only entitled to or we're only entitled to under the policy is under 701C, and it's with regard to the defense cost. That's under the policy. The consequential damages and the other damages are not under the policy because you look at the policy and you determine what were they required to provide in terms of defense. And is there a body of insurance law out there that I could go find ten examples of this afternoon of, oh yeah, consequential damages, even though they're the exception in contract law, they come up all the time in insurance cases. Because I looked, I didn't find one. With regard to this, Your Honor, there was the appellate court, the Illinois appellate court with regard to the second appeal. And that's where creation, I'm sorry, selective argued what was limited under the policy. They claimed that we got too much relief from Judge Flynn in terms of the circuit court. Let me try one more time. Okay. And I'm not trying to cut you off. I'm trying to get at a more general point, distinct from the specific path all this traveled. And the separate point is more of an insurance, a contract insurance point. And the question is, and I think your answer is yes, you can tell me I'm mistaken, that consequential damages as a remedy are available outside of a policy for breach of a policy. That proposition is apparently settled in insurance law. Yes. Well, again, is the breach the only thing we got? Hold on. Don't go to the specifics. Don't go to the specifics of the litigation yet. I know you can. You'll have time to. As you stand there right now, can you think of an example where that's happened in another case? We've never received any sort of... No, no, no. Not you. Not you. Not you creation. Some other plaintiff in some other dispute in any state in the United States. Where they couldn't, if they didn't... No, where they did. Where they litigated the duty to defend within the confines of declaratory judgment, but then separate and apart from that, they were able to pursue a remedy for consequential damages. The reason I'm asking you the question is this, is because I think you make a fairly decent argument here that yes, that claim for consequential damages was reserved. It's been preserved. I think you make a pretty good argument. But what I'm trying to figure out is, is what's being reserved an empty set? Because this claim, this request, this effort to pursue consequential damages doesn't even make any sense in this context. It might if we were talking about the manufacturing of widgets or something. That's where we're at with regard to sale of widgets. We are selling widgets. Yeah, yeah, yeah. But the contract at issue is an insurance contract, right? The defendant is not an ink supplier. We were selling these parts, these markers at the end of the day. We couldn't sell the markers at the end of the day because we couldn't get the robust defense we were entitled to. That's going to be consequential damages. That's not going to be just the defense cost. There's no way that can be just the cost of the defense that I can provide or somebody else can provide. When you're selling something and you have to stop involuntarily, that's not going to be under the policy. Those damages are never going to be under the policy. They're not going to say, well, if you're stopped from selling something, you have a rightful claim to do. The policy is not going to say, and we will pay you for that. You're not going to see anything like that if we don't provide you the defense you're entitled to, which is what's happened here. We have every right. These markers are still available. The only person, the only company on the face of the planet that cannot sell these they're available everywhere else. We were selling them. We were going to make profit with them. Now we can't. It's not going to be under the policy in terms of, well, we owe you this because look at the policy language. Under the policy, if we fail to do what we told you to do, this is what you'll get. Your position, I think, is I could not have pursued consequential damages because of the limitations in the declaratory judgment act of Illinois. I couldn't. I got what I was able to get, but I've reserved the consequential damages claim. Yes, because under all you're entitled to, once you get a declaratory judgment, all the declaratory judgment tells you are the rights of the party with regard to the agreement. It doesn't do anything else. The damages award of further relief that's associated with selective breach of the contract itself goes beyond the declaratory judgment into the realm of breach of contract, doesn't it? It goes beyond, but with regard to the declaratory judgment, just because we won on the declaratory judgment, all you're entitled to do under the declaratory judgment act, 701c, is get what actually falls out of that. That would have been the defense cost, and that's what we got at the end of the day. We didn't get any more than the defense cost. We couldn't have asked for it because the policy said they were supposed to defend you. It didn't say they were supposed to defend you and pay you any other damages you might incur. In case of a breach, I guess I'm very confused here. In case of a breach, was there a limitation in the policy that says even if we breach, this is the limit on your compensation? No. What you're seeking are consequential damages for the breach of the insurance policy, right? Correct. Did anything prevent you from including a request for punitive damages in Count 2 of your original federal complaint? We actually asked for the request to add punitive damages. Admittedly, we did have other claims in there too, but we are looking to be made whole, so we want to be able to add the punitive damages claim. As a result of the conduct, the court already had a three-day bench trial where they found vexatious and unreasonable conduct. We'd already asked for all relief that was available. We think it's appropriate to have a punitive damages prayer with regard to what's gone on in this case, especially when the court has already had three days and found vexatious and unreasonable conduct with regard to the denial and their conduct in this case. Mr. Bishop, can I just ask you to step back from this case a little bit? Why does it make sense to split the damages litigation between two different court systems for one breach of one contract? What had gone on here, Your Honor, is usually, typically, when there's a duty to secure payment of your invoices, if they haven't already been paid, typically they do it under a reservation of rights. They weren't willing to do it, and so what had happened is we found out that who was running this seemed to have, and it falls out from what Judge Coors found out, had a bone to pick at the end of the day, had a personal interest in this because he misled his own client with regard to the gravity of this case. It made sense at that point to try to get the attention of Selective, or at least their management, which didn't work, but it made sense to do it that way, and that's why it was done. And Judge Flynn had no problem with doing it, and Judge Coors didn't either, until now when they flipped it and said of course there was a breach of contract case always pending. There wasn't. This may have, you may have answered this somewhere along the way. I'm not sure because I am a lawyer. Could you, let me think, could you have, or did you, seek to establish damages in the District Court for Selective's breach of contract before Selective appealed from the judgment against it in the Section 155 claim? Don't recall because it came a lot later. There was, when we brought the action in the District Court, it was delayed for about a year because it was Colorado River motion, so I would assume nothing happened with regard to actually establishing damages in the District Court until later on in discovery because we didn't obtain an expert until a few years ago. So is that, in response to Judge Rovner, are you saying that the prior District Court litigation that led to our Court's prior opinion was just confined to the 155? Yes, Your Honor. It didn't touch upon these open issues in any way? That's correct, Your Honor. That's what you're saying? Because the 155, what that had to do with in terms of what was available under the policy and whether any claim under the policy was currently pending before the District Court. Here, there was a finding that no, under the policy didn't apply and Section 155 didn't apply. I can see my time's up. Does anyone have another question? We're here to answer questions. All right. Mr. Campbell? Yes, Your Honor. Good morning. Oh, boy. Well, I'm Drew Campbell on behalf of Selective Insurance. Every party has a right to their day in court, but only one day in court. You can't litigate the same cause of action two times. Is that a question? I do. Did you ever object to the Illinois Circuit Court's order specifically allowing Creation Supply to dismiss its breach of contract claim without prejudice to refiling it in Federal District Court? Selective did not object to that voluntary dismissal. It was a non-appealable order, and I would add that with respect to the issue of that reservation, the Illinois cases are very clear that the moment to object to that is not when the reservation is taken, it's when it may be refiled or asserted affirmatively in the follow-on action. There was no basis for that objection and no procedural mechanism to object. Now, that order would be an example of an express reservation creating exception for Creation Supply to the rule against claim splitting, wouldn't it? That's what it was. The request for the reservation came long after the state court had already granted partial summary judgment with respect to the declaratory count that Selective had breached its contract. So first, the state court rules that there's a breach by Selective. Almost three years later, there's a request for this so-called reservation, and then immediately following the granting of the reservation, CSI continued to litigate the same cause of action to a final judgment on damages in the state court. In our 2021 opinion, from your previous appeal, we explicitly remanded for the district court to resolve the remaining issue of breach of contract damages. How is that consistent with the finding that our opinion became law of the case that Creation Supply could not pursue damages for Selective's breach of contract? Your Honor, the argument that Selective made with respect to law of the case was a little more limited. The argument that we make is that when CSI litigated and lost its claim for extra contractual damages under Section 155, the necessary implication of that order is that when you lose the claim, you lose the damages that you have always asserted with that claim. When the case was remanded, the first thing that CSI did was ask the trial court to recharacterize those Section 155 damages as consequential damages under the contract. The point we were making was that that's something you're not permitted to do because under the law of the case doctrine, once the court decides an issue, that issue cannot be relitigated even under a new theory. It's akin to an issue preclusion argument, but the argument we made was narrower than that. Our argument was simply that... Is the standard of liability the same under 155 in the policy? No. Why would that be the same issue that's being decided? CSI had consistently argued that their damages under 155 were incurred solely because of the vexatious conduct of Selective. That was the horse they rode on that theory, and when this court ruled that there was no 155 claim, it must necessarily have been saying that whatever damage you claim under 155 are also dismissed. No, it just means you lose 155. And by necessary implication, the damages that you claimed arose solely under 155. I don't know how there could be a claim without a corresponding request for damages. That's the concept. But I don't understand why those damages would arise solely under 155. Well, CSI characterized it that way. That was their argument. That's the argument... You think that's right? I think that it's correct that when a claim is accompanied by a claim for damages, and there is a dismissal of that claim, the damages go with it. I think that's right. I thought all along they had this separate breach of contract claim. And that's... Let me just step back a little bit. My question is, is litigation for consequential damages as a freestanding matter? I don't know any other way to say it. Is that common in the insurance context like this? I've not heard that. And the reason why I haven't seen it, particularly in Illinois, is that first of all, Illinois has already made a provision for an extra contractual damage in the context of a breach of an insurance policy. That's what section 155 is for. Beyond that, I've never seen a stand-alone claim for consequential damages. I think principally because that's simply not within the intent of an insurance contract. People don't litigate that kind of a claim. I'm not so sure that issue is before us, but I looked. I didn't find one example. And that's why I'm wondering, am I missing something or what's the explanation for it? Maybe you just gave it. I don't think you are missing anything. And I think Illinois has addressed that concern through section 155. That claim is no longer before us. I think that the fundamental issue in this case is the fact that the breach of contract claim was a claim that could have been brought in a state court action. In fact, it was brought in a state court action. And as Judge Kacouras pointed out in the trial court, the breach of contract claim existed for a time in both courts at the same time. So the fact that it could have been brought in the first action is why. So can you go back to Judge Roebner's question? When they tried to reserve the claim, I know your point is, well, we're not required to object then. But did you say, look, make no mistake about this. Under no circumstance are we going to go along with further litigation for breach of contract requesting consequential damages. We're objecting now. We're going to object later. We're going to object at every opportunity. Did you say anything like that? Did you call them and say we object, we object, we object? Two pieces to the answer. At the time it was taken, the record does not reflect an objection and the case law is clear that none was required. However, at the first opportunity in the federal court, selective objected time and time and time again. The Colorado River motion was a motion filed before we had the final judgment with respect to the declaration of the claim. I mean, I don't, maybe I'm wrong, but the carve out is there. It's there. It's there. And so you think against the backdrop of the restatement section that they can go ahead and pursue the claim. Well, you would think they could. And under some circumstances, they could have. But they didn't do that here. The whole point of the waiver argument here is that it's one thing to take the reservation. It's something else to go ahead and use the reservation properly. When you obtain the reservation after there is a final judgment on a portion of the cause of action, there's a serious question whether the reservation is even proper in the first instance. That's something to raise with the state court judge, right? Well, you would raise that with any court that's actually confronted now with a reserved claim. But there's more. It's not just the fact that there was already a final judgment on part of the cause of action in the state court. It's the fact that CSI continued to litigate that cause of action in the state court even after obtaining the reservation. One of the issues in this case, in fact the only issue in this case in my view, is what does the term cause of action even mean? That's the thing that drives the application of claim preclusion and issue preclusion. And that is a topic that has been misstated throughout the briefing in this case. I would really appreciate going back for a minute to this waiver. You know, understanding waiver to be the voluntary abandonment of a known right, where should we look in the record to assure ourselves the creation supply abandoned its breach of contract claim? Where? Well, abandoned the reservation they received. I would look at the fact that the reservation was obtained in 2016 but the state court, they continued to litigate the same cause of action in the state court through the final judgment in 2017. That's where I would look. It's the affirmative act of continuing to litigate the cause of action that creates the waiver. That is a voluntary relinquishment of a known right. Whatever force the reservation may have had to begin with was entirely lost when they continued to litigate that cause of action in state court. And by cause of action... Yeah, but speaking of waiver, what evidence is there in the record that you didn't waive creation supplies express reservation in state court of its right to bring its breach of contract claim in district court? You didn't object to the circuit court's order to that effect, or did you? Am I wrong? I think you're correct. And as I said, there was no legal obligation to do so. The place to look in the record is the trial court's decision when it said... One of the arguments was, well, when the trial counsel at the time said, well, that's okay, the case law is very clear that if there's going to be an agreement, it has to be expressed. And that never happens. So there was no legal impediment to anything that Selective did here with respect to the initial granting of the reservation. Mr. Campbell, I'm trying to ask the same question because I really have some fog in my mind on this. Forget claim, issue, preclusion, and law of the case doctrine altogether. And suppose that we say the breach of contract claim for consequential damages can be pursued in the district court. I know that's not what you want. I get that. Would your position in the district court be that claim as a matter of Illinois insurance law is unavailable? It doesn't exist? On remand? Yes, and that's an argument that Selective has already made. Well, a couple reasons. The first is that as a matter of simple contract law, it's not a claim that falls within the contemplation of the parties at the time of contracting. And Selective has made that argument and will continue to make that argument. Secondly, within the context of insurance law generally, as I mentioned a minute ago, the only other remedy available under Illinois law has to do with Section 155 for vexation. So this is an odd situation to me. It's as if an empty set has been reserved. I think you're right. It's not the issue in front of us. I understand, and I think you're right. There's a lot that's confusing about this case. To Judge Hamilton's earlier point, what really turns the world upside down here is this case is not so much about claim splitting as it is about damage splitting. Here we have a situation where a party that won in a prior action used that victory to come and obtain different damages in a different court when all of those damages were available in the first instance. So to your point, Judge Scudder, there is an empty set issue here. We have articulated the reasons previously as to why it is that the claim for consequential damages is legally defective and should not be heard. If this case were remanded, I guess we would go back and litigate that issue again. However, I think that the really simple solution to this case is to look at it through the lens that I think almost everyone else would. This is a claim, breach of contract, that could have been brought before. It arose out of the same operative facts, the same contract, the same breach. There was no reason for that claim to have been taken away from the state court to begin with, and when you do that, you do it at your own peril. For example, the Hudson v. City of Chicago case that everybody's relying on here. Well, what happened in Hudson? The court said, well, there was a prior dismissal of part of your cause of action before you voluntarily dismissed. When that happens, there's a res judicata bar when you try to refile. Now, you could take a reservation as they did, and that is operative in certain circumstances, but not where the cause of action has already been decided. Most reservations are coming before there's been a final judgment. In the state court, we already had a final judgment with respect to Selective's breach of the insurance policy. So that's one of the things that makes the reservation in this case so hard to wrap our heads around.  Mr. Campbell, I guess I'm troubled by your answer to Judge Scudder, the extent you're saying that consequential damages are not available for a breach of an insurance policy. I understood Section 155 to expand the rights of policyholders in the particular instances where you approve vexatious conduct, right?  But the reason parties buy liability insurance is for peace of mind, right? If I get sued, I'm going to have somebody in my corner defending me. I'm not going to face, in essence, what Mr. Bishop called the two-front war. And if I am abandoned by the party I have paid to provide me with that support, it's hard to predict just how bad the situation may get. But it's not at all unforeseeable that there would be consequential damages in the form of losing the lawsuit and the kinds of effects. They may be particularly extensive in terms of what Creative is claiming here. But the idea of consequential damages for a breach doesn't seem out of line to me. Well, two thoughts in response to your question. The first is that with respect to Section 155, I think Illinois has recognized there's a degree of unpredictability in the world we live in about what might or might not happen with an insurance policy. That's why they created a separate claim if there could be a showing of vexatious behavior. I understand there's a gray area. And the gray area is really, I think, the second response. There are a million things that might happen to any person or any business in their insured world. Those things are not within the contemplation of the parties. The insurance is there. Why not? I buy the insurance and I don't get the protection that I've been told I'll have. Well, the insurance, the protection you get is the protection that's in the policy. It's a limit. It doesn't make you feel good. It's there to cover only the things that it is designed to cover and the parties can't conceivably... We have a breach here, correct? We have a breach here. An adjudicated breach. You guys breached the contract. That's right. And left Creative to its own devices. Not at all surprising that the consequences go beyond just having to pay lawyers. The question for consequential damage is what's within the contemplation of the parties at the time of contracting. We're not looking back. It's not a subjective test, is it? Well, in large part it is. It's asking the question, what do people know at the time they contract? You can take evidence about that, but the concept... We don't do contract law by asking, what do you intend? What did you intend? We ask, what did you say and what did you do? And what your company promised to do was defend them and you broke that promise. Respectfully, for consequential damages, you do ask what was in the contemplation of the parties, number one. Number two, Selective did what the Illinois... So you're telling me you can win by just saying, no, I never thought of that? I wasn't thinking about that? No, I'm saying that there are legal parameters that surround claims for consequential damages. That's what I'm saying. And what Selective did was it followed a process approved by the Illinois legislature to vet out when there's a dispute over whether there should be a defense here. This is exactly the dialogue I was hoping would happen. This is the one that has been running through my mind since I read the briefs. Can we at the very least, though, agree that this hasn't been litigated? This question. Judge Hamilton said, well, it seems like consequential damages are available. Maybe. Makes sense to me. And you're saying, well, they're not. But that issue's not been resolved in this litigation. That issue could have been resolved in the state court litigation. That's why you're going back to preclusion. Right. I get it. And that's where it should have been. And I would add... I'm sorry. Well, you seem to think you didn't have to object to all of that. But you didn't, okay? Well, we objected vigorously at the point when they tried to reassert the claim following the reservation. There's no doubt about that. And that's in the record, and the trial court pointed to that in its decision. But to your first question, the law didn't require an objection at the moment the reservation was given. And so a selective didn't violate or transcend any legal impediment to the challenge in the reservation today. I don't know. I've just been trying to figure out the state court record and what was the rationale given for allowing creation supplies actions in both courts to continue. I just... I'm flummoxed. I agree with you there. I have never seen a rationale articulated as to why the state court would have permitted it. I can only tell you that the solution to this case is one that is rooted in some very well-established principles, prudential principles, that ought to be recognized again. We wouldn't be here today if people had followed the principles that support the concept of res judicata. You get your day in court. The suggestion, by the way, that we've heard here today, that somehow CSI could not litigate its consequential damage claim at state court is simply false. You can join any claim you want with a claim for declaratory relief, and that's stated even in the case of CSI sites. This is a problem entirely of CSI's own creation. I'm sorry. I'm sorry. You've just finished your thought, and then I think we need to hear from Mr. Bishop again. Thank you. That was actually my thought. My time is long over, and so I'm going to sit down. Thank you. Thank you. All right. Okay. Mr. Bishop. One of the things that's been argued here is that damages were actually determined in the state court. They were not. There were no contract damages determined in the state court. There was only incidental relief provided under 701C. The other thing they continue to argue is we were arguing or we were litigating the breach of contract simultaneously within the district court. That is not true. All you need to do is look at what Judge Koukouras determined with regard to the Colorado River motion that they brought when Judge Flynn said that was news to him when they made the allegation that we were litigating the breach of contract case there. He even said it was news to him, but yet they continue to represent to you that's what was going on. Judge Flynn didn't know it. What was the basis for the incidental relief awarded with the declaratory judgment if not breach of contract? All that follows under that, under 701C, is under the policy. That comes into what's contemplated. You know we're going to put it on a defense by ourselves. You've abandoned us. We have no choice. So you're going to have to pay us because our rights under the policy as determined by the declaratory judgment you have to pay. So those are damages for breach of a contract, correct? They are incidental relief under 701C. They are not the breach of contract. That's separate. The breach of contract. That's what I'm struggling with. Under 701C, what happens is when a duty to defend is found, they're supposed to pay your fees that are incurred and in the future. So you can't say it's a damages award at that point in time because if the litigation was still going on, the underlying litigation was still going on, they would have to pay my invoices as they're incurred because that's the rights under the policy. That's under 701C. That's what you get. The other damages, because lost profits aren't proven, that's not under the policy. They don't talk about we will pay your lost profits. Just ask us. But what's happened here is they've even gone a step further and said we can determine whether or not we want to defend you or not. At the end of the day, all you're going to get are attorney's fees if we don't defend you. That can't be what insurance law is about and we can't be left holding the bag where our client has shuttered his business and has no recourse after that because why would you get a declaratory judgment? No one would want one because that's just bad news. You can't get your damages. If there are any other questions, I kindly ask that you reverse the district court. Grant us leave for punitive damages and remand for damages. Thank you. Thank you. Thanks to both parties. And of course the case is going to be taken under advisory.